[J-112-2019][M.O. - Mundy, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 77 MAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court at No. 1529 MDA 2017 dated |
| | : | 5/25/18, reconsideration denied |
| v. | : | 8/3/18, reversing the order dated |
| | : | 9/15/17 of the York County Court of |
| | : | Common Pleas, Criminal Division, at |
| STEVEN WINFIELD COCHRAN, II, | : | No. CP-67-CR-0000361-2017, |
| | : | vacating the judgment of sentence and |
| Appellant | : | remanding for resentencing |

ARGUED:  November 21, 2019

### *CONCURRING OPINION*

**CHIEF JUSTICE SAYLOR**                                    **DECIDED:  January 20, 2021**

While I join the majority opinion, I view the present circumstances as abnormal and write to suggest that bifurcated sentencing should not be undertaken without careful aforethought and on-the-record justification.

In Pennsylvania, restitution is premised upon concepts of rehabilitation and deterrence, and accordingly, is an important factor for the court to consider in creating a balanced sentencing scheme.  *See Commonwealth v. Brown*, 603 Pa. 31, 35, 981 A.2d 893, 895-96 (2009).  Thus, ideally, courts will determine any appropriate period of incarceration and the restitutionary component of a sentence contemporaneously.

That said, it was clear to all that the "Sentence Order" of June 29, 2017, was intended to be interlocutory, since a restitution hearing was contemplated at the initial sentencing hearing and was scheduled on the face of the order itself.  *See* Sentence

Order dated June 29, 2017, in *Commonwealth v. Cochran* No. CP-67-CR-0000361-2017 (C.P. York); N.T., June 29, 2017, at 2-3. Moreover, part of the sentencing court's concern with proceeding with the incarceration portion of the sentence was to account for the fact that Appellant had already served 207 days in prison, which was far greater than the minimum sentence contemplated by the court. *See* N.T., June 29, 2017, at 17. Accordingly, the court initially directed that Appellant should be released from custody, subject to a detainer lodged by authorities in Maryland. *See id.* It was only at the request of Appellant's own attorney that the court agreed that he would be detained longer in Pennsylvania, based on counsel's concern for securing Appellant's presence at the forthcoming restitution hearing. *See id.* at 18.

Although the sentencing court's reasoning was understandable, decoupling components of a sentencing scheme in such a fashion should only be undertaken in extraordinary circumstances, where the court has good and articulable reasons to support the proposition that one component will not affect the others. And I would be hard pressed to say that this could occur lawfully in a scenario in which the defendant did not overtly consent to this unusual procedure.

Justices Todd and Dougherty join this concurring opinion.